**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
MARCIA PINNOCK ,                                         :
                      Plaintiff,              :                    04 Civ. 3160 (RMB)
                                               :
       -against-                                           :                    **DECISION AND ORDER**
                                               :
KMART CORPORATION,                            :
                      Defendant.         :
-----------------------------------------------------------------X

**I.     Introduction**

On or about April 1, 2004, Marcia Pinnock ("Pinnock" or "Plaintiff") filed a complaint in the Supreme Court of the State of New York, Bronx County ("Complaint") against Kmart Corporation ("Kmart" or "Defendant"), asserting that, "[s]olely as a result of the defendant's negligence, carelessness and recklessness, [Plaintiff] was caused to suffer severe and serious personal injuries to mind and body and . . . was subjected to great physical pain and mental anguish" when she slipped on a clear plastic hanger at a Bronx Kmart store. (Complaint ¶ 27.) On or about April 23, 2004, Defendant removed the action to this Court pursuant to 28 U.S.C. § 1332 because "[t]here is complete diversity between [Defendant] and Plaintiff. In addition, the amount of controversy exceeds $75,000." (Notice of Removal, dated April 23, 2004, ¶ 4.)

On or about August 31, 2005, Defendant filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, arguing that Plaintiff "cannot establish a prima facie case of negligence against Kmart." (See Memorandum of Law in Support of Defendant's Motion for Summary Judgment ("Def. Mem."), dated August 18, 2005, at 2.) On or about October 13, 2005, Plaintiff opposed the motion, arguing that "Kmart should be charged with constructive notice of the condition which caused her injuries due to the fact that Kmart had actual notice of a particular recurring dangerous condition that happened again and again." (See Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment, dated October 13, 2005 ("Pl. Mem."), at 1-2.) On or about October 26, 2005, Defendant filed its reply. (See Defendant's Reply

1

Memorandum of Law in Further Support of Defendant's Motion for Summary Judgment, dated October 25, 2005 ("Def. Reply").) **For the reasons stated below, Defendant's motion for summary judgment is granted.**

## II. Background

On July 23, 2003, Plaintiff arrived at Kmart store #7654 in the Bronx, New York at approximately 5 p.m. She "had been to this particular store on numerous occasions prior to her accident." (Defendant's Statement of Facts Pursuant to Rule 56.1, dated August 19, 2005 ("Def. Facts"), ¶ 1; Plaintiff's Statement of Material Facts Pursuant to Local Civil Rule 56.1(b), dated November 15, 2005 ("Pl. Facts"), ¶ 1.) Upon entering the store, Plaintiff "proceeded to the layaway department in the back of the store . . . [and] passed through departments that contained clothes and exercise bikes." (Def. Facts ¶ 2; Pl. Facts ¶ 2.) Once Plaintiff left the layaway department, she "took a different route out of the department than she had taken into it; as she wanted to stop in the lingerie department." (Def. Facts ¶ 3; Pl. Facts ¶ 3.) As Plaintiff walked in the lingerie department, "her right foot slipped . . . [but] she did not observe what she had slipped on . . . as she was looking straight ahead." (Def. Facts ¶ 4; Pl. Facts ¶ 4.) After the accident, Plaintiff "realized she had slipped on a clear plastic hanger." (Def. Facts ¶ 5; Pl. Facts ¶ 5.) She did not recall "if the hanger had any footprints or dirt on it." (Id.)

"No one from Kmart was aware of how long the hanger had been on the floor prior to plaintiff's accident," and "[n]o one from Kmart knew who caused the hanger to be on the floor . . . or how it got there." (Def. Facts ¶ 12; see Pl. Facts ¶ 12.)

"All [Kmart] employees were generally instructed to pick up debris including papers, cartons, hangers and otherwise that may have been on the selling floor." (Pl. Facts ¶ 8; see Def. Facts ¶ 8.) In addition, employees in the "loss prevention" department, at least one of whom "was specifically responsible for picking up hangers," (Pl. Facts ¶ 8; see Def. Facts ¶ 10), "patrolled the store on a regular basis throughout the day." (Def. Facts ¶ 9.) The Kmart employee who completed

2

Plaintiff's incident report, Ricardo Santos, "had taken approximately six walks around the store prior to plaintiff's accident," between 2 p.m. and approximately 6 p.m. (Def. Facts ¶ 9; see Pl. Facts ¶ 11.)

The parties do not dispute that, during some of Plaintiff's prior visits to Kmart, "she had observed hangers on the floor . . . on the other side of the lingerie department from where her accident happened," and had "complained to female associates of Kmart about the presence of hangers on the floor" in January 2003. (Def. Facts ¶ 6; Pl. Facts ¶ 6.) Plaintiff "never saw anyone else fall on a hanger and was not aware of any prior accidents at Kmart involving hangers." (Def. Facts ¶ 7; Pl. Facts ¶ 7.) "Kmart did not receive any specific complaints about the specific hanger that caused Plaintiff's accident prior to Plaintiff's fall." (Pl. Facts ¶ 12; see Def. Facts ¶ 12.) Plaintiff establishes that there were nine "prior incidents whereby store patrons slipped and fell on plastic hangers that had fallen upon the store's selling floor," over the course of approximately two years. (Pl. Facts ¶¶ 44-53; see also Def. Reply at 5 (acknowledging that "there were other accidents involving hangers.")

### III. Legal Standard

Federal Rule of Civil Procedure 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material issue of fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "The court must view the evidence in the light most favorable to the party against whom summary judgment is sought and must draw all reasonable inferences in [her] favor." Oliveira v. City of Mt. Vernon, No. 04 Civ. 5287, 2005 U.S. Dist. LEXIS 31085, at *4 (S.D.N.Y. Dec. 2, 2005); Barban v. Rheem Textile Sys., No. 01 Civ. 8475, 2005 U.S. Dist. LEXIS 5996, at *20 (S.D.N.Y. Feb. 11, 2005). "At summary judgment, . . . where no issues of material fact are found, the moving party is entitled to judgment as a matter of

3

law." Byrnie v. Town of Cromwell, 243 F.3d 93, 101 (2d Cir. 2001); see Kaufman v. Guest Capital, L.L.C., 386 F. Supp. 2d 256 (S.D.N.Y. 2000) ("Summary judgment shall be granted if there is no issue as to any material fact and the moving party is entitled to a judgment in its favor as a matter of law.") (internal citation omitted).

**IV.   Analysis**

Plaintiff argues that, because Kmart "had specific prior knowledge of a recurring dangerous condition," Kmart "is deemed to have constructive notice of the fact that a clear plastic hanger was on the lingerie selling floor on July 23, 2003 and that same injured Plaintiff." (Pl. Mem. at 12-13.)  Defendant argues that "plaintiff will not be able to establish constructive notice of the condition that allegedly caused her accident" because she "cannot even raise an inference as to how long the hanger was present on the floor prior to her accident." (Def. Mem. at 20-21.)  Defendant also argues that Plaintiff "cannot establish that the condition that caused her accident was the result of a recurrent condition" because "there is no way to prevent hangers from falling onto the floor" and "[a]ll that can be done, as Kmart has done, is to employ as comprehensive a maintenance procedure as possible in order to remedy the presence of hangers once notice is received." (Def. Reply at 6, 10.)

"Under New York law, to state a prima facie case of negligence in a slip and fall action, plaintiff must demonstrate that defendant created the offending condition or that defendant had actual or constructive notice of the condition." Anderson v. Pathmark Stores, Inc., No. 96 Civ. 3672, 1999 U.S. Dist. LEXIS 7973, at *6 (S.D.N.Y. May 27, 1999).  "Absent evidence that a defendant created a dangerous condition or had actual notice of it, a plaintiff must prove constructive notice in order to prevail." Rowe v. Wal-Mart Stores, Inc., 11 F. Supp. 2d 265, 267 (W.D.N.Y. 1998).  "Constructive notice can be shown by testimony that a condition is 'visible and apparent' and has existed 'for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it.'" Heit v. Supermarkets Gen. Corp., No. 93 Civ. 6871, 1995

4

U.S. Dist. LEXIS 13644, at *5 (S.D.N.Y. Sept. 20, 1995) (quoting Gordon v. Am. Museum of Natural History, 67 N.Y.2d 836, 838 (1986)). A plaintiff also may establish constructive notice by submitting "evidence that an ongoing and recurring dangerous condition existed in the area of the accident which was routinely left unaddressed by the landlord." O'Connor-Miele v. Barhite & Holzinger, Inc., 650 N.Y.S.2d 717, 719 (N.Y. App. Div. 1996).

Plaintiff does not argue that Defendant "caused the hanger that she allegedly slipped on to be on the floor. Nor does she argue that Kmart had actual . . . notice of the specific hanger involved in her accident." (Def. Reply at 1; see Pl. Mem. at 11); Anderson, 1999 U.S. Dist. LEXIS at *6.

Plaintiff also does not establish, as a matter of law, that Defendant had constructive notice. See Manzione v. Wal-Mart Stores, Inc., 744 N.Y.S. 2d 466, 467 (2d Dep't 2002). For one thing, Plaintiff has not shown that the hanger was visible and apparent or that it remained on the floor "for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it." Heit, 1995 U.S. Dist. LEXIS at *5. And, Plaintiff does not recall "if the hanger had any footprints or dirt on it." (Pl. Facts ¶ 5.) Plaintiff concedes that "no one from Kmart was aware of how long the hanger had been on the floor prior to plaintiff's accident." (Pl. Facts ¶ 12); see also Gonzalez v. Wal-Mart Stores, Inc., 299 F. Supp. 2d 188 (S.D.N.Y. 2004) (granting summary judgment where "plaintiff has submitted no evidence establishing how long the particular rope had been in the parking lot before her accident" and "[t]here is no evidence that the rope was dirty or worn or in some other condition that would permit an inference that the rope had been on the ground for an extended length of time.").

Second, Plaintiff does not show that a recurrent (hanger) condition existed which Kmart routinely failed to address. See O'Connor-Miele, 650 N.Y.S. 2d at 719. Even assuming there were a general awareness of falling hangers, this does not enable Plaintiff to survive summary judgment. See Zeller v. Pathmark Stores, Inc., 2001 U.S. Dist. LEXIS 16147, at **7-8 (S.D.N.Y. 2001) (finding no recurrent condition where plaintiff claimed to have seen deli meat "end up on the floor"

5

"many times"); Quarles v. Columbia Sussex Corp., 997 F. Supp. 327, 334 (E.D.N.Y. 1998) (finding no recurrent condition where there was "nothing more than a general awareness for a potential dangerous condition"); Snyder v. Golub Corp., 605 N.Y.S. 2d 166 (3d Dep't 1993) (finding that twenty-five prior accidents in supermarkets where customers slipped on grapes did not constitute a recurrent condition, but only "a general awareness that produce may fall to the floor"); see also Rivera v. 2160 Realty Co., LLC, 781 N.Y.S. 2d 645 (1st Dep't 2004), reversed by 797 N.Y.S.2d 369 (2005) (finding no recurrent condition and granting summary judgment where tenants had complained to landlord on numerous occasions of refuse in the stairwell, but the stairs were cleaned daily and plaintiff could not establish how long the bottle on which he tripped had been there); Gloria v. MGM Emerald Enters., 751 N.Y.S. 2d 213, 214 (2d Dep't 2002) (finding no recurrent condition and granting summary judgment where plaintiff "had noticed that the dance floor was wet on previous occasions").

And, evidence presented of Kmart's maintenance procedures shows clearly that Kmart routinely addressed the issue of fallen hangers. "The lingerie department where plaintiff's accident took place was inspected every fifteen to twenty minutes." (Affidavit of Eugene Lupinacci, dated August 12, 2005 ("Lupinacci Aff."), ¶ 6); see Manzione, 744 N.Y.S. 2d at 467 (summary judgment granted where defendant "had no notice of any hangers on the floor at the time of the accident, . . . [and] the store was periodically swept of debris."); Gloria, 751 N.Y.S. 2d at 214 (summary judgment granted where defendant "employed a 'runner' to clean up any garbage or spills observed on the dance floor."); Richardson-Dorn v. Golub Corp., 676 N.Y.S. 2d 260, 261 (3d Dep't 1998) (summary judgment granted where defendant "made it a practice to check the rug on a regular basis and make sure that it was safely placed on the floor."); Duhar v. Soon Ja Kim, 644 N.Y.S. 2d 247, 248 (1st Dep't 1996) (summary judgment granted where defendant "cleaned three times a day" to avoid spills and debris on the selling floor).

6

Defendant had comprehensive maintenance procedures in place to retrieve fallen hangers. The "Operations Manager . . . walked the store continuously throughout the day," Kmart employees were "instructed to pick up any and all hangers that they observe[d] on the floor" and "were forbidden from walking by any hangers on the floor if they were observed," and "a full time maintenance employee . . . constantly patrolled the store looking for any potential slipping or tripping hazards." (Lupinacci Aff., ¶¶ 3-7; see Affidavit of Ricardo Santos, dated August 19, 2005, ¶ 2 (Santos, a "Loss Prevention Agent," had taken "approximately six walks around the store looking for potential slipping or tripping hazards between . . . 2 P.M. and the time plaintiff's accident allegedly took place [at 6:00 p.m.].")); see also O'Connor-Miele, 650 N.Y.S. 2d at 719; Gonzalez, 299 F. Supp. 2d at 193 ("[A] defendant's 'general awareness' of a dangerous condition on the premises is not legally sufficient to charge a defendant with constructive notice of the particular condition that caused the plaintiff's injury."); Fay v. Bass Hotels & Resorts, Inc., No. 00 Civ. 9107, 2003 U.S. Dist. LEXIS 12888, at *27 (S.D.N.Y. July 28, 2003) (granting summary judgment where "plaintiffs have failed to show that there is an issue of material fact as to whether defendant had notice of a condition that caused [plaintiff] to slip and fall.").

V.   Conclusion

For the reasons stated above, Defendant's motion for summary judgment is granted. The Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York
December 29, 2005

_____
Richard M. Berman, U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-29-05